Per Curiam,
- Those opposed to the laying out of this road had two opportunities in the court below to raise objections involving questions of fact. The first was before the confirmation absolute of the report and the second after the confirmation absolute was struck off and additional time given to file exceptions. As they availed themselves of neither of these opportunities there is additional reason for holding that they have no standing on appeal to complain of irregularities in the proceedings not shown by the record in the strictest sense of that term. Neither of the three reasons assigned in support of the single specification of error relates to an irregularity of that character.
I. While identity of name indicates identity of person the inference flowing therefrom is at most a rebuttable inference of fact, not a conclusive presumption of law. Hence, if the question whether two of the viewers were petitioners for the road.was to be raised at all it ought to have been raised by exception in the court below before the absolute confirmation of thé report so that the petitioners for the road would have an opportunity to meet it. After the expiration of the term at *381 which the report was confirmed absolutely without objection a legal presumption arose that all of the viewers were qualified, to act, which is not repelled by the fact that the names of two of them are the same as the names of two of the petitioners.
2. The objection that the order of view was altered after it left the hands of the clerk involves also an allegation of fact which is not established by an inspection of the record. True, it was stated in the answer to the petition to strike off the confirmation that “whatever erasures and insertions which were made in said order were made by H. M. Houser, attorney for the petitioners for the road, before the order was given to’ the viewers, before the view, before the report and before confirmation.” But this admission is not inconsistent with the presumption that the order is in the same condition as when it left the hands of the clerk. As the objectors to the road had full opportunity, as above stated, to show that the erasures and interlineations were made afterwards and did not avail themselves of it, the presumption above referred to must prevail.
3. The third objection is, as stated by counsel, that the report shows that the meeting of the viewers was not held until two days after the commencement of the term to which it was returnable. According to the authorities this objection would be good if it were sustained by the record. But it appears by the order to view that there is a standing rule of the court requiring viewers to make report of their proceedings on or before the third day of the next sessions. In this case the term at which their report was to be made began on April 17, 1905, and the report was filed on April 19, strictly in accordance with the rule. The viewers, in concluding their report with the statement that it was submitted on April 19, evidently did not mean that the order had not been executed until after the term had begun, because in a preceding part of the report it is stated that the view was held on the day and at the place set forth in the annexed notice and this notice shows that that day was April 14. The facts as disclosed by the record do not bring the case within the rule established by the authorities cited by the appellants’ counsel.
The order is affirmed.